**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JPI PARTNERS, LLC,**

                             **Case No.: 6:07-mc-0077-Orl-22DAB**

        **Plaintiff,**

**v.**

**KORIE DIXON,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF/JUDGMENT CREDITOR'S MOTION TO TRANSFER CASE AND IN THE ALTERNATIVE SEEKING CLARIFICATION (Doc. No. 4)**
>
> **FILED:** April 9, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as unnecessary.

Plaintiff/Judgment Creditor JPI Partners, LLC ("JPI") moves for an Order directing the Clerk to transfer this case to the United States Federal District Court for the Southern District of Florida (Ft. Lauderdale Division). Alternatively, JPI seeks clarification from this Court as to the proper procedure to follow.

JPI is attempting to collect a final judgment rendered by a Federal District Court in the State of Georgia which was registered with this Court pursuant to the Federal Registration Statute, 28 U.S.C. § 1963, on August 14, 2007.  At the time the Georgia judgment was registered, the Judgment Debtor Korie Dixon was residing in Orlando. Subsequently, the Clerk of Court issued a writ of execution. Doc. No. 3.  Dixon has relocated to Ft. Lauderdale, Florida, and JPI believes that all of her assets upon which a levy or execution could be made are located in the Ft. Lauderdale area; thus, JPI seeks to transfer the matter to the Southern District of Florida or, alternatively, guidance on the proper procedure.  Doc. No. 4.

> Title 28 U.S.C. § 1963 provides in relevant part:
>
> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered . . . in any other district . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. Federal courts construing the federal judgment registration statute have held that it provides a remedy that is cumulative of others that may be available to enforce a judgment. *See, e.g., Urban Industries, Inc. of Kentucky v. Thevis*, 670 F.2d 981, 985 (11th Cir. 1982) (recognizing that the federal judgment registration statute provides a cumulative remedy); *Travelers Indem. Co. of Illinois v. Hash Management, Inc.*, 173 F.R.D. 150 (M.D. N.C. 1997) (filing a certified copy of a judgment entered by another court provides a streamlined alternative to enforcement, but judgment creditors are also free to employ the traditional remedy of instituting an entirely new and separate action). Once registered, a foreign judgment may be enforced by the judgment creditor in any manner permissible under the Federal Rules of Civil Procedure and the laws of the state or states in which the judgment is registered. *Urban Industries*, 670 F.2d at 985 (applying former version of § 1963); *see*

194 A.L.R. Fed. 531 § 5 (collecting cases holding that § 1963 provides a remedy cumulative of other available remedies).

A judgment may be registered in more than one federal district court because the statute does not provide for exclusive jurisdiction and nothing in the language of the statute or its commentary supports such a suggestion. *Zahran v. Frankenmuth Mut. Ins. Co.*, 1999 WL 191493, *2, 175 F.3d 1022 (7th Cir. Mar. 25, 1999). The registration statute was intended as an alternative to the litigation of separate actions in every jurisdiction in which a judgment debtor owned property. *Id.* "It was enacted to streamline the enforcement of federal judgments, to prevent a judgment debtor from frustrating enforcement of a judgment, to assure that jurisdictional impediments such as diversity of citizenship would not impede enforcement, and to protect both judgment creditors and judgment debtors from the burden of further litigation in attempting to satisfy a judgment." *Id.* There is also no prohibition on two distinct writs of execution or garnishment being issued simultaneously. *See id.* at *3 (holding that a motion for writ of execution could issue in the Eastern District of Wisconsin, even while a garnishment action was pending in the Northern District of Illinois).

Accordingly, the writ or execution issued by one court (whether in the same state or a foreign state) will only be enforceable within the bounds of the federal district in which it was issued; therefore, a creditor must register the judgment in the district in which the property is located and, if the property is relocated to a different federal district, register it in the second district and seek a new writ of execution (albeit applying the same Florida law) in order for the writ to be effective in the new district. To reduce any possible confusion, the Judgment Creditor is free to return the writ issued by this Court *nulla bona* or marked unexecuted.

It is respectfully **RECOMMENDED** that Plaintiff/Judgment Creditor's Motion to Transfer Case (Doc. No. 4) be **DENIED** as unnecessary.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida this 6th day of May, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties